Argued and submitted September 15, reversed and
remanded for trial December 7, 1981

# STATE OF OREGON,
*Appellant,*

*v.*

# JERRY LEE JONES,
*Respondent.*

# (No. CR81-427, CA A21272)

637 P2d 162

William F. Nessly, Jr., Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief were
Dave Frohnmayer, Attorney General, and
William F. Gary, Solicitor General, Salem.

John E. Sassor, Dallas, argued the cause and filed the brief
for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals an order suppressing the results of an intoxilyzer test. The issue is whether the police officer who administered the test had a valid operator's permit.

Defendant was arrested for driving under the influence of intoxicants on February 4, 1981. A deputy sheriff administered an intoxilyzer test. At the time, he had an intoxilyzer operator's permit issued in February, 1979, by the State Health Division, pursuant to then ORS 487.815. That statute was amended in July, 1979, to transfer alcohol test certification responsibility from the Health Division to the Department of State Police. Or Laws 1979, ch 410, § 8. The court found that the deputy's authority to conduct an intoxilyzer test terminated on the effective date of the 1979 Act and so suppressed the test results.

Nothing in the 1979 legislation supports the conclusion that Health Division permits became invalid upon its passage. The legislation transferred responsibility for the issuance of operators' permits from the Health Division to the State Police. With respect to the validity of existing permits, it said only:

> "Chemical analyses of the person's breath, blood, urine or saliva, to be valid under ORS 487.545, shall be performed according to methods approved by the Health Division *or* the Department of State Police and by an individual possessing a valid permit to perform such analyses issued by the Health Division *or* the Department of State Police." ORS 487.815(1). (Emphasis supplied.)

We find no ambiguity in the 1979 statute, but we note that the 1981 legislature again amended ORS 487.815 to provide:

> "The Health Division permits for alcohol breath analysis issued prior to July 18, 1979, shall not be deemed invalid solely because of the duty to issue such permits being assigned to the Department of State Police by section 8, chapter 410, Oregon Laws 1979." Or Laws 1981, ch 307, § 2.

It is clear that the legislature intended that the amendment cover precisely the situation presented here. Although the amendment did not take effect until July 9, 1981, it would be unreasonable to construe it to mean that properly issued

old Health Division permits *became* valid only upon that date. That is, the impact of the law is that validly issued Health Division permits remained valid after the Health Division could no longer issue them. The 1981 legislation only made express the legislative intent which was implicit in the 1979 amendment.

Reversed and remanded for trial.