Argued and submitted August 10, affirmed December 7, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT RAY POWELL,
*Appellant.*

## (No. DUII 902, CA A20536)

637 P2d 174

Franklyn N. Brown, Portland, argued the cause for appellant. On the brief was Charles D. Beshears, III, Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction by a jury verdict of driving under the influence of intoxicants. ORS 487.540. He contends the court erred in admitting the results of a blood alcohol test and a tape recorded conversation between himself and the arresting officer.

We recite only the facts relevant to resolution of these issues. Defendant was stopped at approximately 2 p.m. by a police officer after the officer observed erratic driving. After performing certain field sobriety tests, defendant was arrested for driving under the influence of intoxicants and advised of his *Miranda* rights. He asked the officer if he could drive to his home, which was about 100 yards away, and call his attorney. When the officer refused that request, defendant asked if the officer would drive him home to use the telephone. The officer declined and told defendant he could use the telephone at the police station. The conversation with the officer was tape recorded with defendant's knowledge. After they arrived at the police station, defendant talked to his attorney by telephone. The officer asked defendant if he would consent to a breath test and told him his attorney could not be present during the breath test. Defendant took the test.

Defendant objected to admission of the breath test results on three grounds, which we discuss separately. He first contends that the officer who conducted the test did not have a valid permit as required by ORS 487.815. We have ruled to the contrary in *State v. Jones,* 55 Or App 1, 637 P2d 162 (1981).

Defendant's second argument is closely related to the first. During trial, the state offered in evidence certain regulations of the Department of Health relating to the methods to be used in conducting a breath test. Those regulations were offered to establish that the test had been properly conducted. The regulations were in effect prior to the amendment of ORS 487.815, but they had been repealed by the Department of Health prior to defendant's arrest. Defendant contends that the only valid regulations were those promulgated by the Department of State Police pursuant to the amended version of ORS 487.815 and, thus,

the state failed to lay a proper foundation for admission of the breath test results.

■ The Department of State Police adopted regulations respecting the methods of conducting breath tests on November 15, 1979. OAR 257-30-020. Courts may take judicial notice of duly filed regulations of state agencies. ORS 41.410(3). We do so and have compared the relevant regulations of the Department of State Police with the Department of Health regulations admitted at defendant's trial. They are substantially identical regarding the procedure for conducting a breath test. If it was error to admit the Department of Health regulations, it was harmless error. If the jury found the officer properly followed the methods reflected in the Department of Health regulations then he complied with the procedures which had been adopted by the Department of State Police.

■ Defendant's final objection to admission of the breath test result is based on his assertion that he was denied a meaningful right to consult with his attorney. He argues that the denial of his request to go to his home to call his attorney was intentional misconduct on the part of the police officer and effectively denied him meaningful access to counsel. We reject his contention for two reasons. First, he did in fact call his attorney prior to submitting to the breath test. Second, even if that contact was less than he desired, he is not entitled to suppression of the breath test results. *State v. Newton,* 291 Or 788, 636 P2d 393 (1981).

■ In his second assignment defendant argues that the court erred in not suppressing the tape recording of the conversation between defendant and the officer. He claims the statements reflected on the tape were the product of interrogation after he exercised his right to have the assistance of his attorney. Defendant does not identify any incriminating statements he made after his request to call his attorney. The trial court, after listening to the tape, found there was no interrogation of defendant and no admission by defendant on the tape. In essence, there was nothing to suppress.

Affirmed.